HARDY, Judge.
This is a compensation claim in which plaintiff seeks recovery of the statutory allowance provided for permanent impairment of the usefulness of the physical function of the nose. From judgment in favor of plaintiff awarding maximum weekly compensation of $30 for the statutory period of 100 weeks, defendant has appealed.
There is no dispute as to the factual circumstances. On April 13, 19SS, while engaged in duties of his employment by defendant’s insured as an oil well pumper,, plaintiff was struck on the nose by a Still-son wrench weighing approximately 20’ pounds, which fell from a height of twelve to fourteen feet. Plaintiff sustained a serious injury to his nose which subsequently necessitated an operation. Following recovery from the immediate injury and operative repair thereof plaintiff complains he has completely lost his sense of smell, and upon this basis he predicated his claim for compensation as for the loss of the usefulness, of a physical function.
The defense rests upon the contention-that plaintiff’s loss of the sense of smell, if, indeed, he has suffered such a loss, is attributable to a sinus affection which has no-connection with the accidental injury.
We think it is conclusively established by the almost uncontradicted testimony in the-record that prior to the accidental injury plaintiff possessed a keen sense of smell and that he had'never suffered from any nasal1 disturbances in the nature of sinus or allergic infections with the exception of ordinary common colds. The medical testimony on behalf of plaintiff was tendered by an examination of Dr. W. H. Browning, a. specialist in the treatment of allergy diseases, and the deposition of Dr. Ralph H. Riggs, an eye, ear, nose and throat specialist, who examined and treated plaintiff immediately following the accident. Defendant introduced the deposition of Dr. Frank: L. Bryant, a specialist in otolaryngology,, who performed the nasal septum recon *539 struction operation upon plaintiff, and Dr. B. P. Smith, Jr., who made an examination of plaintiff on April 18, 1956, approximately a year following the accident.
In addition to his examination of April 18, 1956, Dr. Smith testified that he had treated plaintiff in July, 1954 for an infection of the floor of the mouth. Counsel for defendant makes much of the fact that the history of plaintiff's symptoms and complaints, as taken by the doctor’s secretary, indicated that the patient declared he had sinus trouble and a post-nasal discharge. This was denied by plaintiff. In any event, there is little, if any, importance to be attached to this point in view of Dr. Smith’s unequivocal testimony that he found no similarity in Mr. Holmes’ condition as of July, 1954 and his condition of April, 1956. The witness denied any association or relationship between the mouth infection from which plaintiff was suffering in 1954 and any nature of sinus trouble.
In our opinion it is unnecessary to enter into a detailed discussion of the technical medical testimony of the expert witnesses. We have had no difficulty in reaching the conclusion that the testimony overwhelmingly preponderates in favor of plaintiff.
Plaintiff’s claim is governed by the specific provisions of LSA-R.S. 23:1221(4) (p) which reads as follows:
“In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation here-inabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks.”
Having found as a fact that plaintiff has suffered permanent impairment of the usefulness of a physical function, to-wit, the sense of smell, we think the maximum award of $30 per week for a period of one hundred weeks was eminently justified.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.